(26 Misc. Rep. 381.)

### HAVLIN v. KRULISH.

(Supreme Court, Appellate Term. February 24, 1899.)

1. MASTER AND SERVANT—PERSONAL INJURY—EVIDENCE.

In an action for an injury alleged to be due to defendant's negligence in allowing a cogwheel to become exposed near the stairway to his factory, in which plaintiff worked, defendant could show that the owner of the building furnished the motive power by means of the wheel, with which he had nothing to do.

2. SAME.

Where plaintiff sued for an injury due to an uncovered cogwheel near the stairway to defendant's factory, defendant could show that he had been in the building for nearly 30 years, the last 8 as lessee, and that he knew of no change in the cogwheels or their surroundings during the time they had been there.

3. SAME.

An agent of the owner of the building, who had entire charge of it, and who had testified that the machinery was in charge of an engineer employed by the owner, could also show that a right of way was given defendant through the stairway, and that during the 15 years in which he was acquainted with the premises no accident had ever occurred.

4. REFUSAL TO ALLOW PROPER QUESTION—HARMLESS ERROR.

Error in refusing to permit a witness to answer a proper question is cured by his subsequent testimony covering the point called for.

5. MASTER AND SERVANT—PERSONAL INJURY—EVIDENCE.

In an action against a master for an injury to a servant, due to an uncovered cogwheel, defendant was allowed to be asked if he knew that the law required persons in charge of a factory to keep cogwheels covered, to which he answered, "Yes." *Held* error, as presenting a fact not contained in the law.

Appeal from city court of New York, general term.

Action by Frank Havlin, an infant, by Mary Linhart, his guardian ad litem, against Joseph Krulish. From a judgment for plaintiff (54 N. Y. Supp. 1093), defendant appeals. Reversed, and new trial ordered.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Vincent W. Woytisek, for appellant.
Catlin & Nekarda, for respondent.

MacLEAN, J. By his guardian ad litem, the plaintiff, a minor, brought this action in the city court, to recover damages from his employer, the defendant, for alleged neglect in allowing an aperture to come into the covering of a cogwheel near the stairway of access and egress, into which aperture the plaintiff, as he claimed, accidently passed a finger, and lost part of it. Respecting the actual occurrence, there was only the testimony of the plaintiff. As to the

conditions of the place and the circumstances of the defendant's responsibility, evidence was given by various persons, among whom the conflict was direct. By the defendant it was claimed that the owner of the building furnished the motive power by means of this cogwheel, and that therewith, and with the covering of it, he had nothing to do. Yet the court struck out, upon the mere motion of the plaintiff, the defendant's statement that he had no control of the cogwheel, or of the box around it, and also, similarly, his statement that he was not allowed to do anything with it. It was the contention of the plaintiff that the stairway was unsafe for the employés, and that the defendant was responsible for the condition, and knew or had reason to know it; but after the defendant had testified that he had been in the building for nearly 30 years, as foreman from 1869, and as lessee for the past 8 years, he was not permitted to answer whether he knew of any change in the cogwheels or their surroundings during the time that they had been there. Mr. Carroll, the representative of, and of the same name as, the owners of the building, testified that he had entire charge of the premises, which he visited often, "once a month regularly, sometimes oftener"; that he had his agents in charge of the building, and the machinery there was run by Mr. Lorraine, an engineer employed by his firm, whose duty it was to examine, take care of, and inspect all the machinery and appliances; but he was not allowed to answer whether a right of way was given to the defendant through this very stairway, or to tell whether, in all his acquaintance, of 15 years, with the premises, he knew any accident or injury had been occasioned by the cogwheels or their immediate surroundings. Practically, the same question was put to Mr. Lorraine in two forms, but excluded, as was also the question, "Who put up the new box?" probably adduced to show upon whom devolved the responsibility of the situation; but this last exclusion was practically cured by this engineer afterwards testifying, "We had a breakdown of the wheels about six weeks after this accident, and that breakdown caused us to put up new boxings." All of the evidence called for by these questions, and excluded under exception of the defendant, either tended to prove that the place was out of the control of the defendant, or bore upon the question of knowledge and the degree of care to be exercised in preventing injury. Furthermore, the defendant was allowed to be asked, "You know that the law requires the person in charge of a factory to keep the cogwheels covered, don't you?" to which he answered, "Yes;" thus erroneously presenting as a fact what is not contained in the law.

For these errors in the exclusion of evidence material to the case of the defendant, and for the admission of an erroneous interpretation of the act, likely to produce prejudicial opinion as to the duty of the defendant, the judgment of the general term should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.